IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES EARL STANLEY,

      Petitioner,

v.                                       CIVIL ACTION NO. 3:12cv29
                                            (Judge Groh)

TERRY O'BRIEN,

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 11, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 together with a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Report. On April 17, 2012, the petitioner was granted leave to proceed *in forma pauperis*. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

On October 22, 2008, the petitioner entered into a plea agreement whereby he agreed to plead guilty to the following charges: (1) Felon in Possession of a Firearm Following Three Serious Felony Convictions; (2) Illegal Possession of a Machine Gun; and (3) Possession with Intent to Distribute Cocaine Base. On February 13, 2009, the parties stipulated that the petitioner's three felony convictions for controlled substances, as identified in Count One of the Indictment, did not meet the statutory definition for "serious drug offense," as defined in 18 U.S.C. § 924(e)(2)(A). Accordingly, Count One of the Indictment was amended, in form but not in substance, as follows: ...after having been previously convicted of at least one felony, did knowingly possess the following

firearm..... Therefore, in its Sentencing Memorandum, the Government acknowledged that the petitioner was not subject to the 15-year mandatory minimum provisions of 18 USC § 924(e). However, the Government further noted that the amendment to Count One of the Indictment had no impact on the petitioner's guideline range of 188 to 235 months as a career offender.[1] On March 19, 2009, the petitioner was sentenced to a total term of 188 months. See USA v. Stanley, 2:08-cr-20260-1 (U.S. District Court, Eastern District of Michigan). The petitioner did not file an appeal, nor did he file a Motion to Vacate.

### III. ISSUES PRESENTED

In his pending § 2241 petition, the petitioner alleges that his sentence was improperly enhanced. More specifically, the petitioner alleges that he was erroneously sentenced as a career offender. Relying on the holding in Carachuri-Rosando v. Holder, 130 S.Ct. 2010), the petitioner argues that his prior convictions were not felony convictions because they were not for offenses punishable by a term of imprisonment exceeding one year.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy

---

[1]It appears that the petitioner had five prior felony drug convictions, but only two qualified as serious drug offenses for purposes of § 924(e). §4B1.1 or the Guidelines Manual defines a Career Offender as a if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime o f violence or a controlled substance offense.

the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. More specifically, it is clear from the language used in Jones that the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.[2] Here, the petitioner's claim does not fall

---

[2]In Jones, the petitioner was convicted of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.§ 924(c)(1), based on constructive possession of

3

within the ambit of the savings clause because he cannot satisfy the second element of the Jones test as he cannot show that "the substantive law has changed such that the conduct of which he was convicted [Felon in Possession of a Firearm/Illegal Possession of a Machine Guin/Possession with Intent to Distribute Cocaine Base]] is deemed not to be criminal." Jones, 226 F.3d at 333-34.

The petitioner's challenge is based not on the offenses for which he was convicted, but rather on an allegation that his sentencing was enhanced based on prior felony convictions.[3] The Fourth Circuit has not broadened the parameters of the analysis of the savings clause in Jones to encompass a challenge to a sentence based on a sentence guideline enhancement or a claim of "actual innocence" of a sentence guideline enhancement. See Boynes v. Berkebile, 2012 WL 1569653 (S.D.W.Va. May 1, 2012). Furthermore, as noted by Judge Berger in her decision in Boynes, opinions issued by several Fourth Circuit district courts, that reject a petitioner's attempt to employ § 2241 to challenge the legality of a sentence where the petitioners assert they are actually innocent of the predicate offense have been affirmed by the Fourth Circuit, although by unpublished opinion. In addition, as noted by Judge Berger, other Appellate courts have rejected the use of the

---

firearms. Subsequent to the petitioner's unsuccessful § 2255 motion challenging his sentence, the Supreme Court, in Bailey v. United States, 516 U.S. 137 (1995) held that "use" of a firearm under Section 924(c)(1) required the "active employment of a firearm." The petitioner was precluded from filing a successive § 2255 motion because the decision in Bailey did not constitute a new retroactive rule of constitutional law or constitute newly discovered evidence. The Fourth Circuit held that, under the circumstances, a § 2255 motion was inadequate to test the legality of the petitioner's detention and permitted the use of the § 2241 petition. Of importance, is that the petitioner in Jones challenged his offense of conviction.

[3]The petition does not and cannot argue that he was improperly convicted of being a felon in possession of a firearm. As the petitioner correctly notes, under Carachuri, in order for a conviction to be considered a felony, **the maximum term of imprisonment authorized must be more than one year**. The exhibits tendered by the petitioner clearly establish that he was found guilty on December 14, 2002, of Attempted Delivery of a Controlled Substance, which carried a maximum penalty of 5 years. (Doc. 1-2, p. 15). Ion addition, he was found guilty on March 3, 2006, of Attempted Deliver of a Controlled Substance, which again carried a maximum penalty of 5 years. (Doc. 1-2, p. 16).

4

savings clause for challenges to a petitioner's sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (finding that § 2255 was not inadequate or ineffective such the savings clause would permit a challenge to a prisoner's sentence); Adderly v. Zickefoose, No. 11-6450, 2011 WL 5513187, *1 (D.N.J. Nov. 9, 2011), aaf'd, 2012 WL 252416, *1 (3d Cir. Jan. 27, 2012(unpublished decision); see also Bradford v. Tamez, 660 F.3d 226, 230 (5th Cir. 2011)(disallowing claim under the savings clause because a "claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); Kinder v. Purdy, 222 F.3d 209 (5th Cir. 2000).

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** .

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 8, 2013

                                                                                         s/ *John S. Kaull*
                                                                                        JOHN S. KAULL
                                                                                        UNITED STATES MAGISTRATE JUDGE